**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


ANNIE MAE ROBINSON,

    Petitioner,

       v.                       Case No. 3:05-cv-1077-J-12HTS
                                      3:88-cr-215-J-12

UNITED STATES OF AMERICA,

    Respondent.

---

### O R D E R

This cause is before the Court on the Petitioner's "Motion for Reconsideration ... "

(Civ. Doc. 10, filed February 10, 2006.  As stated in the Court's previous Order (Civ.Doc.

8):

> [t]he Eleventh Circuit has held that Booker and Blakely do not
> qualify as new rules of constitutional law for §2255 purposes
> because the Supreme Court has not made them retroactively
> available on collateral review. In re Anderson, 396 F.3d 1336,
> 1339 (11th Cir.2005)(addressing Booker), In re Dean, 375 F.3d
> 1287, 1290 (11th Cir. 2004)(addressing Blakely).  As a result,
> a new one-year period in which to file a §2255 motion has not
> commenced.  Since the Petitioner's conviction was final in
> 1993 (see Robinson v. United States, 507 U.S. 990 (1993)),
> her §2255 is untimely.

The Court did not rule on the merits of her §2255 petition, that is, it did not address

what impact the Booker and Blakely cases would have on her sentence, because the

Eleventh Circuit has held explicitly that those cases are not available on collateral review.

For that reason, since there is no case announcing a new rule of constitutional law to be

applied retroactively, the Court lacks jurisdiction to consider the Petitioner's first §2255

petition because it is untimely due to the fact that her conviction was final in 1993.  Further review of this Court's determinations must be sought by means of an appeal of this Court's orders with the Eleventh Circuit Court of Appeals.

Accordingly, it is

**ORDERED AND ADJUDGED:**

That the Petitioner's "Motion for Reconsideration ..." (Doc.10) is denied.

**DONE AND ORDERED** this __16TH__ day of February 2006.


_Howell W. Melton_
**SENIOR UNITED STATES DISTRICT JUDGE**


Copies to:
    AUSA (Ronca)
    Petitioner